IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CROSSETT,<br><br>                 Plaintiff,<br><br>v.<br><br>LAKEVIEW HOSPITAL, et al.,<br><br>                 Defendants. | REPORT AND RECOMMENDATION GRANTING [14] MOTION TO DISMISS<br><br>AND<br><br>ORDER GRANTING [17] MOTION TO QUASH<br><br>Case No. 1:25-cv-00061-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 21). *Pro se* Plaintiff David D. Crossett's (Plaintiff or Mr. Crossett) Complaint (ECF 1) asserts claims under Title III of the Americans with Disabilities Act (ADA) (ECF 1-1). Before the court is a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Motion to Dismiss) (ECF 14) filed by Defendant Lakeview Hospital (Lakeview). Also before the court is a Motion to Quash Service of Process pursuant to Rule 12(b)(5) (Motion to Quash) (ECF 17) filed by Defendants Troy Wood, Emily Evers, and Olivia Roper (collectively, Individual Defendants). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion to Dismiss and Motion to Quash (the Motions) on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that Lakeview's Motion to Dismiss (ECF 14) be GRANTED and ORDERS that the Individual Defendants' Motion to Quash (ECF 17) be GRANTED.

## I.     BACKGROUND

While not entirely clear from the Complaint, but construing Plaintiff's Complaint and exhibits liberally,[1] Plaintiff asserts ADA claims for discrimination and retaliation and state law claims[2] arising from his medical care at Lakeview (ECF 1 at 4; ECF 1-4 at 2). Specifically, Plaintiff alleges that on May 9, 2025, the day after his surgery at Lakeview, he "requested a reasonable accomodation to use a recording device because [he is] blind and unable to memorize or take notes in a conversation" (*id.* at 4). Plaintiff alleges that Defendant Evers, a patient advocate, discriminated against him because she "refused at the very onset to . . . accommodate [him], did not engage in any kind of required mandated dialogue, and rejected [his] request for a reasonable accomodation to use a recording device" (*id.*; ECF 1-3). Plaintiff further alleges that on May 11, 2025, Defendant Roper, a charge nurse, retaliated against him for asserting his rights when she interrupted his discharge, raised her voice, dismissed his concerns, and involved hospital security (ECF 1-4). Plaintiff asks for $100,000 in compensatory damages, $300,000 in medical costs, and punitive damages (*id.* at 5). Plaintiff also seeks injunctive relief in the form of a court order "requir[ing] the lakeview hospital to retrain its entire staff concerning Americans with disabilty act, laws violation and reasonable accommodations" (*id.*).

Lakeview filed the present Motion to Dismiss (ECF 14) and the Individual Defendants filed the Motion to Quash (ECF 17) on June 2, 2025. The deadline to file a response to the Motions

---

[1] Because Plaintiff is proceeding pro se, the court construes the Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). The court reviews the Complaint in light of these standards.

[2] Although the precise nature of Plaintiff's state law claims is unclear, it appears from the factual allegations contained in the exhibits to the Complaint that Plaintiff is asserting state law claims for "intimidation" and "potential constructive false imprisonment" (ECF 1-4 at 2).

was on June 30, 2025. *See* DUCivR 7-1(a)(4)(A)(iii) ("A response to a motion must be filed within 28 days after service of the motion."). On July 5, 2025, Plaintiff filed a "Notice of Memorandum to the Court – Summary of Procedural Harm, Unanswered Legal Questions, and Systemic Bias" (ECF 23), which the court will construe as a Response to the Motions.[3] On July 14, 2025, Lakeview and the Individual Defendants filed reply memoranda (ECF 24, 25) arguing that Plaintiff's Response fails to meaningfully respond to or refute the arguments in the Motions.

## II.     DISCUSSION[4]

### A.     Failure to State a Claim

Lakeview moves for dismissal of Plaintiff's ADA claims[5] pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[3] Plaintiff's failure to timely respond is grounds for granting the Motions. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). However, in light of Plaintiff's pro se status, the court will nonetheless consider the arguments presented in Plaintiff's Response (ECF 23).

[4] Lakeview argues that the court lacks subject matter jurisdiction regarding the state law claims based on Plaintiff's failure to allege compliance with the Utah Health Care Malpractice Act (ECF 14). Utah's Malpractice Act "imposes a set of procedural requirements a plaintiff must satisfy prior to filing any 'malpractice action against a health care provider.'" *Scott v. Wingate Wilderness Therapy, LLC*, 792 F. App'x 590, 593–94 (10th Cir. 2019) (citing Utah Code Ann. §§ 78B-3-404(1)–412(1)). Courts "will dismiss any malpractice-related claims brought in court prior to the satisfaction of these prelitigation procedural requirements for lack of subject matter jurisdiction." *See, e.g., Ortega v. Lasik Vision Inst.*, No. 2:18-CV-00982-JNP-EJF, 2019 WL 1787494, at *5 (D. Utah Apr. 24, 2019) (citing *McBride-Williams v. Huard*, 94 P.3d 175 (Utah 2004)). While federal courts have dismissed such claims for lack of jurisdiction, *see, e.g., Nelson v. Healthcare*, No. 2:25-CV-00633, 2025 WL 3505366, at *2 (D. Utah Nov. 12, 2025), *report and recommendation adopted sub nom. Nelson v. Intermountain Healthcare*, No. 2:25-CV-00633-AMA-DBP, 2025 WL 3502184 (D. Utah Dec. 5, 2025) (dismissing state law claims for medical malpractice where the complaint failed to "assert any facts demonstrating compliance with Utah's Malpractice Act"), here the Complaint is not clear that there are any such state law claims pled. The court therefore finds it is not necessary to address this argument.

[5] "[T]o the extent [Plaintiff] alleges claims under federal statutes . . . , no subject matter jurisdiction bar arising from the Utah Malpractice Act operates." *Van Ornum v. Am. Med. Ass'n*, No. 2:14-CV-921-RJS-EJF, 2017 WL 9481232, at *4 (D. Utah July 14, 2017), *report and recommendation adopted,* No. 214CV00921RJSEJF, 2017 WL 4339653 (D. Utah Sept. 29, 2017) (dismissing state law claims for lack of subject matter jurisdiction and remaining federal claims for failure to state a claim).

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff bears the burden of demonstrating that the Complaint meets this standard. *See Olson v. Carmack*, 641 F. App'x 822, 826–27 (10th Cir. 2016) (citing *Twombly*, 550 U.S. at 556).

Lakeview seeks dismissal of Plaintiff's claim for money damages under Title III of the ADA for failure to state a claim. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accomodation. 42 U.S.C. § 12182(a). It is well established that "Title III of the ADA does not provide for a private cause of action for damages." *Ajuluchuku v. Zions Bancorporation*, No. 2:05CV906 DAK, 2006 WL 2668709, at *2 (D. Utah Sept. 14, 2006) (citing 42. U.S.C. § 12188(a)(1)). Rather, "Title III of the ADA only allows for injunctive relief[.]" *Shelton v. Cafe Rio, Inc.*, No. 1:17-CV-00070, 2017 WL 4402425, at *2 (D. Utah Oct. 2, 2017). Lakeview moves to dismiss Plaintiff's claim for punitive, compensatory, and economic damages on the ground that Title III does not provide for such relief (ECF 14). The court agrees that Plaintiff's claim for money damages under the Title III of the ADA is subject to dismissal for failure to state a claim.

Lakeview also seeks dismissal of Plaintiff's claim for injunctive relief under Title III of the ADA. To state a claim under Title III of the ADA, "a plaintiff must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Kaveh v. Starbucks Corp.*, No. 2:24-CV-00291, 2025 WL 308256, at *2 (D. Utah Jan. 3, 2025), *report and recommendation adopted,* No. 2:24-CV-00291-AMA-DAO,

4

2025 WL 306041 (D. Utah Jan. 27, 2025) (quoting *Martinez for Anderson v. Lea Reg'l Hosp. LLC*, No. 2:21-CV-1191-WJ-GJF, 2022 WL 17584023, at *5 (D.N.M. Dec. 12, 2022)).

To establish the first element, the plaintiff "must show that he has a physical or mental impairment and that the impairment substantially limits a major life activity." *Singh v. Peppermill Casino*, No. 2:04-CV-1169 TS, 2006 WL 288421, at *1 (D. Utah Feb. 7, 2006) (citing *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194–95 (2002)). "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." *Id.* (quoting *Toyota Motor,* 534 U.S. at 195). Here, Plaintiff alleges that he has a "visual impairment" and that he is "blind and unable to memorize and take notes in conversation" (ECF 1 at 4). However, Plaintiff fails to identify his visual impairment or specify any other physical or mental impairment that would impact his ability to memorize or take notes. It is also unclear how a visual impairment would inhibit his ability to receive and process audible information from healthcare staff. The court thus finds that Plaintiff has failed to provide sufficient facts to allege the first element.

It does not appear that the second element is in dispute as Lakeview acknowledges that private hospitals like Lakeview are considered "places of public accomodation" under Title III of the ADA (ECF 14 at 4 (citing 42 U.S.C. § 12181)).

Finally, regarding the third element, "[d]iscrimination includes the 'failure to make reasonable modifications in policies, practices, or procedures,' when such modifications are necessary accommodations to individuals with disabilities." *Kaveh*, 2025 WL 308256, at *2 (quoting 42 U.S.C. § 12182(b)(2)(A)(ii)). Here, Plaintiff makes only conclusory allegations of discrimination and retaliation by hospital staff at Lakeview. Moreover, Plaintiff has failed to

provide sufficient facts to suggest that the requested accomodation was reasonable or necessary to accommodate his disability. Plaintiff has therefore failed to adequately allege the third element.

For these reasons, Plaintiff's ADA claims against Lakeview as currently pled are subject to dismissal. However, the court will not dismiss a pro se complaint unless it is obvious amendment would be futile, which is not clear is the case here. *See Kay*, 500 F.3d at 1217. Accordingly, the undersigned RECOMMENDS that Lakeview's Motion (ECF 14) be GRANTED, Plaintiff's ADA claims against Lakeview be dismissed without prejudice, and Plaintiff be granted an opportunity to amend his Complaint.

### B.  Insufficient Service of Process

The Individual Defendants ask the court to quash service of process pursuant to Rule 12(b)(5). Under Rule 12(b)(5), the "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth and incorporated by Rule 4." *Moomey v. Express Messenger Sys., Inc.*, No. 221CV00575DAKJCB, 2021 WL 5772268, at *2 (D. Utah Dec. 6, 2021) (quoting *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994)). Motions under Rule 12(b)(5) "differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained." *Id.* (quoting *Williams v. Pub. Serv. Co. of N.M.*, No. CIV-05-0660JBLAM, 2005 WL 3662906, at * 2 (D.N.M. Nov. 7, 2005)). "The plaintiff has the burden of establishing validity of service." *Id.* (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992)).

Rule 4 provides in relevant part that an individual may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A)

6

delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, the Individual Defendants argue that service was insufficient because Plaintiff failed to personally serve each Individual Defendant as required by Rule 4(e) (ECF 17 at 3). Indeed, it appears Plaintiff delivered the Summons and Complaint to an individual named "Tristan/Anne" at Lakeview (ECF 9–11), a nonparty who is not Individual Defendants' authorized agent (ECF 17 at 4). As noted above, Plaintiff did not meaningfully address the arguments in the Motion to Quash in his Response (ECF 23). However, the court finds that under the circumstances of this case that the deficiencies in service of process are curable and that the proper remedy in this case is to allow Plaintiff an opportunity to personally serve each Individual Defendant if an amended complaint is filed. *See Moomey*, 2021 WL 5772268, at *2 ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." (quoting *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983))). The court therefore GRANTS the Individual Defendants' Motion to Quash (ECF 17) and grants Plaintiff 30 days after an amended complaint is filed to properly serve the Individual Defendants.

## ORDER

IT IS HEREBY ORDERED that the Individual Defendants' Motion to Quash (ECF 17) is GRANTED, service of process against the Individual Defendants is quashed, and Plaintiff is granted 30 days after an amended complaint is filed to properly serve the Individual Defendants.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Lakeview's Motion to Dismiss (ECF 14) be GRANTED, Plaintiff's claims be dismissed without prejudice, and Plaintiff be granted an opportunity to amend his Complaint, and that an amended complaint must be filed within 30 days.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 January 2026.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah