IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID D CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW HOSPITAL, *et al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER AFFIRMING AND CLARIFYING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br>Case No. 1:25-CV-61-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred the case to United States Magistrate Judge Cecilia M. Romero under 28 U.S.C. § 636(b)(1)(B).  On January 21, 2026, Magistrate Judge Romero issued a Report and Recommendation [ECF No. 26], recommending that Defendant Lakeview Hospital's Motion to Dismiss [ECF No. 14] be granted, and ordering that the Individual Defendants' Motion to Quash be granted.  Magistrate Judge Romero gave Plaintiff 30 days to file an Amended Complaint and allowed him to re-serve the Individual Defendants with any such Amended Complaint.

The Report and Recommendation notified the parties that any objection to the Report and Recommendation must be filed within fourteen days of receiving it.  Defendants filed an Objection to the Report and Recommendation, but Plaintiff did not.

## DISCUSSION

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court.  *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).  The court has reviewed the

Report and Recommendation and the record *de novo* along with Defendant Lakeview's objection.

Lakeview objects to the Report and Recommendation's recommendation that the ADA claims against it be dismissed without prejudice instead of with prejudice. Lakeview first points out that Plaintiff cannot amend his Complaint as to monetary damages because Title III of the Americans with Disabilities Act does not allow a private cause of action for damages. The Report and Recommendation agrees with that argument and states that Plaintiff can only have a claim for injunctive relief under a Title III claim. While the conclusion broadly allows Plaintiff to amend his Complaint, the court clarifies that it is not allowing him to amend as to monetary damages. Plaintiff may only amend for injunctive relief under Title III.

Lakeview next argues that it would be futile to allow Plaintiff to amend his Complaint for injunctive relief because the ADA Title III requires some ongoing harm or, at least, a colorable threat of future harm, and Plaintiff has not alleged that he is still a patient at Lakeview or there is a colorable threat of future harm. *Brinkman v. Hobble Creek Half Marathon*, No. 2:05-CV-9PGC, 2005 WL 53353, *2 (D. Utah Aug. 3, 2005).  Lakeview also argues that Plaintiff's allegations as to his disability are insufficient to such a degree that any amendment to his Complaint would be futile. The court agrees that it is difficult to foresee how Plaintiff could amend to explain how a visual impairment relates to being able to hear, process, and remember audible information. But Magistrate Romero's order is merely allowing Plaintiff to see what the law is and add any factual support he has that may relate to the requirements needed for such a claim. These are not issues, like the issue with monetary damages above, where there are no set of facts that could sustain a cause of action.

In addition, Lakeview argues that it would be futile to allow Plaintiff to serve the individual defendants with an Amended Complaint because individual employees are not subject to liability under the ADA unless the defendant owns, leases, or operates the place of public accommodation. While the court agrees that is a correct statement of the law, this issue was never raised before Magistrate Judge Romero. The individual defendants moved only to quash service, which was granted. They did not bring a motion to dismiss that was a part of the Report and Recommenddation. If Plaintiff continues to name the individual defendants in an Amended Complaint, he will need to serve them properly and the claims will be subject to dismissal at that time.

## CONCLUSION

The court clarifies that the requested monetary damages are not available as a matter of law and cannot be a part of the Amended Complaint. But the requested monetary relief is only part of the Title III claim. The court affirms Magistrate Judge Romero's recommendation to allow Plaintiff to amend as to Title III injunctive relief. Magistrate Judge Romero's Order on the Motion to Quash is an Order within her authority to grant and does not need to be affirmed by this court. Accordingly, the court affirms and adopts Magistrate Judge Romero's January 21, 2026 Report and Recommendation [ECF No. 26]. Defendant's Motion to Dismiss [ECF No. 14] is GRANTED IN PART with respect to dismissal of the claims AND DENIED IN PART to the extent that the Title III injunction claim is dismissed without prejudice. Plaintiff has thirty (30) days from the date of this Order to file an Amended Complaint consistent with the Report and Recommendation and this Order.

DATED this 12th day of February 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge